```
                    United States District Court
                       District of Massachusetts
 _____
                               )
Megan Cruz, et al.,            )
                               )
        Plaintiffs,            )
                               )
             v.                )    Civil Action No.
                               )    15-13258-NMG
Raymond Talmadge, et al.,      )
                               )
        Defendants.            )
 _____)
```

**MEMORANDUM & ORDER**

**GORTON, J.**

This case arises out of an accident that occurred when a motor coach approximately 12 feet in height tried to drive under a bridge that had a clearance of only ten feet or so.  Plaintiff Matthew Cruz and ten others seriously injured in the crash (collectively, "plaintiffs") assert various state law tort claims against the manufacturer, owner and operator of the bus, a GPS provider and the Commonwealth of Massachusetts Department of Conversation and Recreation, the entity in charge of the relevant road signage.

Pending before the Court is 1) the motion of Prevost and Prevost Car (the manufacturer of the bus) for judgment on the pleadings with respect to Counts III, IV and V of plaintiffs' first amended complaint alleging breach of implied warranty of merchantability, negligence and strict liability, 2) the motion

-1-

of plaintiffs for leave to file a second amended complaint, 3) the motion of plaintiffs' for reconsideration of this Court's Order dated June 14, 2016 denying their motion to remand the action to state court and 4) the motion of defendants Samuel J. Jackson and Raymond Talmadge (the owner and operator of the bus) for summary judgment.  For the reasons that follow, the motion for reconsideration will be allowed and, upon reconsideration, the motion to remand will be allowed.  The Court declines to decide the remaining motions.

**I.     Background**

    **A.     The Bus Crash**

Plaintiffs are residents of Pennsylvania.  On February 2, 2013, plaintiffs boarded a 1996 model Prevost motor coach ("bus") in Bristol, Pennsylvania, for a day trip to Harvard University in Cambridge, Massachusetts.  The bus was owned by defendant Raymond Talmadge d/b/a Calvary Coach ("Talmadge") and was operated by defendant Samuel J. Jackson ("Jackson").  Both Talmadge and Jackson are citizens of Pennsylvania.

After the visit to Harvard University concluded, plaintiffs boarded the Prevost bus for their return trip home.  Jackson followed the directions dictated by his Garmin GPS and turned eastbound onto Soldiers Field Road in Boston, Massachusetts.

Soldiers Field Road has a ten-foot height restriction because of low overpasses but the Prevost bus was well over ten-

feet tall.  Although there were multiple warning signs of the height restriction on Soldiers Field Road, Jackson either failed to notice them, or noticed them too late, and the bus slammed into the overpass at the Western Avenue Bridge.

As a result of the crash, plaintiff Matthew Cruz ("Cruz") sustained severe head, neck and back injuries which left him paralyzed from the waist down.  The other plaintiffs in this case also sustained severe head and neck injuries.

**B.   Litigation in Pennsylvania and the Release Agreements**

In February, 2013, Matthew Cruz brought suit against Talmadge and Jackson (the owner and operator, respectively) in the Pennsylvania Court of Common Pleas, asserting negligence claims.  His lawsuit was consolidated with other cases initiated by several of the 35 passengers on the motor coach.

That Court entered an order appointing a special master to conduct mediation.  The parties reached a settlement and agreed to divide approximately $4.6 million of the $5 million of liability coverage tendered by Occidental Fire & Casualty Company, the insurer of Talmadge and Jackson.  Cruz received $3.75 million of that amount, the most of any of the plaintiffs.

Pursuant to the settlement, the plaintiffs in that matter signed three different release agreements:

### 1.   **The Pro Tanto Joint Tortfeasor Release**

All of the plaintiffs in this action, except Cruz, signed a release titled "Pro Tanto Joint Tortfeasor Release".  The first paragraph states:

> I, [Claimant], . . .  release discharge and acquit SAMUEL J. JACKSON, RAYMOND TALMADGE D/B/A CALVARY COACH, OCCIDENTAL FIRE AND CASUALTY COMPANY OF NORTH CAROLINA, INC. and their agents, employees, insurers or third-party administrators, only, of and from any and all claims, rights, demands and damages arising out of or in any way connected with any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, and the consequences thereof or any other loss or damage sustained by Claimant which arise out of the bus accident which occurred on February 2, 2013 on Soldier's Field Road in Boston, Massachusetts and which is the subject of litigation filed in the Court of Common Pleas, Philadelphia County, Pennsylvania, which is entitled Cruz v. Raymond Talmadge d/b/a Calvary Coach, February Term 2013, No. 01443.

The release further provides:

> It is understood and agreed that this is a *pro tanto* and not a *pro rata* release and that any verdict or judgment rendered in favor of Claimant shall be reduced only to the extent of the monies paid to Claimant pursuant to this Release.  In the event that Samuel J. Jackson and Raymond Talmadge d/b/a Calvary Coach are found to be joint tortfeasors with any other person or party not herein released, Claimant hereby releases that portion or share of the cause of action against Samuel J. Jackson and Raymond Talmadge d/b/a Calvary Coach only to the extent of monies paid pursuant to this Release without in any way discharging or releasing any claims of any persons or corporations against Samuel J. Jackson and Raymond Talmadge d/b/a Calvary Coach.
>
> If any legal action, arbitration, mediation, or other proceeding has been initiated, Claimant consents to the dismissal of such proceedings with prejudice.

### 2.   The Release Signed by Matthew Cruz

Matthew Cruz signed a release ("the Cruz release") titled "Pro Tanto Release" that differs from that signed by the other plaintiffs in this action.

The first paragraph of the Cruz release states, in part:

> I, Matthew Cruz, . . . release discharge and acquit[,] <u>subject to the limitations set forth below</u>, Samuel J. Jackson, Raymond Talmadge d/b/a Calvary Coach, Occidental Fire & Casualty Company of North Carolina, Inc., and their agents, employees, insurers or third-party administrators, only, of and from any and all claims, rights, demands and damages arising out of or in any way connected with any and all known and unknown, foreseen and unforeseen, bodily and personal injuries, and the consequences thereof or any other loss or damage sustained by Matthew Cruz which arise out of the bus accident which occurred on February 2, 2013 on Soldier's Field Road in Boston, Massachusetts . . . and which is the subject of litigation filed in the Court of Common Pleas, Philadelphia County, Pennsylvania, which is entitled <u>Cruz v. Raymond Talmadge d/b/a Calvary Coach</u>, February Term 2013, No. 01443 . . . . (first emphasis added)

Paragraph four of the Cruz release states:

> It is understood and agreed that this is a *pro tanto* and not a *pro rata* release and that any verdict or judgment rendered in favor of Matthew Cruz shall be reduced only to the extent of the monies paid to Matthew Cruz pursuant to this Release.  In the event that Samuel J. Jackson and [Talmadge] are found to be joint tortfeasors with any other person or party not herein released, Matthew Cruz, hereby releases that portion or share of the cause of action against Samuel J. Jackson and [Talmadge] only to the extent of the monies paid pursuant to this Release without in any way discharging or releasing any claims of any persons or corporations against Samuel J. Jackson and [Talmadge].

Unlike the release signed by the other plaintiffs, the Cruz release does not contain a clause requiring the dismissal of current litigation with prejudice.

### 3. The General Release

Finally, there is a third release signed by claimants in the Pennsylvania action who are not a part of this case. Those individuals signed a release titled "RELEASE OF ALL CLAIMS".

The first paragraph states:

> I, [Claimant], . . . release[] and discharge[] SAMUEL J. JACKSON, RAYMOND TALMADGE D/B/A CALVARY COACH, OCCIDENTAL FIRE & CASUALTY COMPANY OF NORTH CAROLINA, INC. and any and all other persons or entities who are liable or might be claimed to be liable . . . from any and all claims, damages, costs, expenses, demands, actions and suits of whatever kind, whether known or unknown, foreseen and unforeseen, bodily and personal injuries at this time, resulting from a bus accident that occurred on February 2, 2013 on Soldier Fields Road in Boston, Massachusetts.

The second paragraph reiterates, several times, that the claimant releases all claims without exception.

### C. Procedural Background

In January, 2015, plaintiffs filed a complaint in the Massachusetts Superior Court for Suffolk County alleging that all of the defendants in this action were liable for plaintiffs' injuries based on, inter alia, theories of negligence and products liability.

Prevost later removed the case to the United States District Court for the District of Massachusetts in September,

2015.  That same month, plaintiffs filed a motion to remand the case to state court.  That motion was referred to United States Magistrate Judge Marianne B. Bowler for a Report and Recommendation ("R&R").  In June, 2016, this session accepted and adopted the R&R denying the motion to remand.

Also in June, 2016, Prevost filed a motion for judgment on the pleadings with respect to Counts III, IV and V of plaintiffs' first amended complaint (the counts relating to plaintiffs' claims for breach of implied warranty of merchantability, negligence and strict liability).  Plaintiffs responded by filing an opposition to that motion as well as a motion for leave to file a second amended complaint.

Three weeks later, in July, 2016, plaintiffs filed a motion for reconsideration of this Court's Order denying their motion to remand.  Defendants Samuel J. Jackson and Raymond Talmadge responded with a motion for summary judgment on all claims asserted against them.

## II.  Plaintiffs' Motion for Reconsideration

### A.  Legal Standard

"[A] district court has the inherent power to reconsider its interlocutory orders . . . ."  Fernández–Vargas v. Pfizer, 522 F.3d 55, 61 n.2 (1st Cir. 2008).  A motion for reconsideration will be allowed only if 1) the movant presents newly discovered evidence, 2) shows there has been an

intervening change in the law or 3) demonstrates that the initial "decision was based on a manifest error of law or was clearly unjust." Noel v. Walt Disney Parks & Resorts U.S., Inc., No. 10-40071, 2011 WL 6258334, at *1 (D. Mass. 2011).

A motion for reconsideration is "not a promising vehicle for . . . rearguing theories previously . . . rejected." Palmer v. Champion Mortg., 465 F.3d 24, 30 (1st Cir. 2006).

**B.  Application**

Plaintiffs request that the Court 1) reconsider its June, 2016 Order denying their motion to remand and 2) remand the matter to Massachusetts state court whence it came.

They generally contend that the release signed by Matthew Cruz preserved his claims against Talmadge and Jackson and, therefore, because the plaintiff and those defendants are residents of Pennsylvania, this Court lacks diversity jurisdiction.  Defendants respond that plaintiffs merely advance the same arguments that this Court previously rejected and have not met the high burden required to obtain relief.

Although the parties do not clarify whether Massachusetts or Pennsylvania law applies, in both jurisdictions, the interpretation of a release is a question of law for the court. See A.J. Props., LLC v. Stanley Black & Decker, Inc., 989 F. Supp. 2d 156, 163 (D. Mass. 2013); State Farm Mut. Auto. Ins.

Co. v. Philly Family Practice, Inc., 525 F. Supp. 2d 718, 723-34 (E.D. Pa. 2007).

The crux of the dispute is the interpretation of paragraph four of the Cruz release.  It provides, in pertinent part:

> Matthew Cruz, hereby releases that portion or share of the cause of action against Samuel J. Jackson and [Talmadge] only to the extent of the monies paid pursuant to this Release without in any way discharging or releasing any claims of any persons or corporations against Samuel J. Jackson and [Talmadge].

By its plain meaning, the use of "any persons" in the last clause of that paragraph is not limited to claims brought by other joint tortfeasors as defendants contend.  Rather it can reasonably be construed as referring to "any" other individual, including Matthew Cruz.  Thus, the release preserves claims against Talmadge and Jackson brought by Cruz and others.

Although defendants maintain that such an interpretation is "illogical," that argument is undermined by the express language in the first paragraph of Cruz's release which "subject[s]" the terms of the release to the "limitations set forth" in paragraph four.  The release is surely unorthodox but, as defendants acknowledge, the parties "may settle their differences upon such terms as are suitable to them". Ford Motor Co. v. Buseman, 954 A.2d 580, 586 (Pa. Super Ct. 2008) (quoting Buttermore v. Aliquippa Hosp., 561 A.2d 733, 735 (Pa. 1989)).  Accordingly, the Court concludes that the release signed by Matthew Cruz

unambiguously preserves future claims brought by him against Talmadge and Jackson.

Because this Court incorrectly concluded, in June, 2016, that the release executed by Matthew Cruz discharged Talmadge and Jackson from any future claims asserted against them, plaintiff's motion for reconsideration will be allowed. See DeGrandis v. Children's Hosp. Bos., No. 14-101416, 2015 WL 1959433, at *6-7 (D. Mass. Apr. 30, 2015) (allowing a motion for reconsideration after the misinterpretation of an agreement between the parties).

Consequently, this matter will be remanded to Massachusetts Superior Court.  Diversity jurisdiction requires "complete diversity" among the parties. Picciotto v. Cont'l Cas. Co., 512 F.3d 9, 17 (1st Cir. 2008) (emphasis removed).  Here, it is undisputed that plaintiff Matthew Cruz and defendants Talmadge and Jackson are all citizens of Pennsylvania.  Therefore, complete diversity does not exist and the case must be remanded to state court. See Cambridge Place Inv. Mgmt., Inc. v. Morgan Stanley & Co., 813 F. Supp. 2d 242, 245-46 (D. Mass. 2011) (remanding the matter after concluding that complete diversity was lacking).

### III. Additional Motions

Also pending in this matter are 1) Prevost's motion for judgment on the pleadings, 2) plaintiffs' motion to amend their

complaint and 3) the motion of Talmadge and Jackson for summary judgment. Having determined that it lacks subject matter jurisdiction in the case, this Court declines to resolve those motions on the merits. See Christopher v. Stanley-Bostitch, Inc., 240 F.3d 95, 100 (1st Cir. 2001) ("When a federal court concludes that it lacks subject matter jurisdiction over a case, it is precluded from rendering any judgments on the merits of the case.").

**ORDER**

For the forgoing reasons, plaintiffs' motion for reconsideration (Docket No. 54) is **ALLOWED**, and upon reconsideration, plaintiff's motion to remand (Docket No. 14) is **ALLOWED**.

The Clerk of Court will process the remanding of this case to the Massachusetts Superior Court Department.

**So ordered.**

                                      /s/ Nathaniel M. Gorton  
                                      Nathaniel M. Gorton  
                                      United States District Judge

Dated March 23, 2017